**BABBITT AUTO PARTS CO. v. FLEMING, Administrator of the Wage and Hour Division, United States Department of Labor, et al.**

**ÆTNA AUTO PARTS CO. v. SAME.**

Nos. 10556, 10961.

District Court of the United States for the District of Columbia.

July 2, 1941.

Henry H. Koven, of Chicago, Ill., and J. S. Guthman, of Washington, D. C., for plaintiffs.

Gerard D. Reilly, of Washington, D. C., for Department of Labor.

Robert L. Stern, Sp. Asst. to Atty. Gen., for the Attorney General.

MORRIS, Associate Justice.

In both these actions the plaintiffs seek judgments declaring that Sections 6 and 7 of the Fair Labor Standards Act of 1938, U.S.C.A. Title 29, Chapter 8, Sections 206 and 207, do not, under the circumstances and facts set forth in the complaints, apply to the plaintiffs or their employees. The defendants have moved the Court in both actions to dismiss the complaints. The cases were combined for argument on such motions.

All of the plaintiffs are engaged in the automobile parts business in Chicago, Illinois. They allege that they come within the exemption of Section 13(a) of the Act, U.S.C.A., Title 29, Chapter 8, Section 213(a), which provides that: "Sections 6 and 7 shall not apply with respect to * * * (2) any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce."

It is alleged that certain bulletins or interpretative statements have been circularized from the office of the Administrator of the Wage and Hour Division of the United States Department of Labor, which would seem to exclude the plaintiffs from the exemption referred to, and that conferences held in Chicago with an Assistant of the Regional Director of such Division of the Department of Labor failed to result in a statement from the Regional Director, his Assistant, and the Regional Attorney to the effect that Sections 6 and 7 of said Act do not apply to the plaintiffs and their employees. Further than this, no action by the defendants, or either of them, is alleged to have been taken with respect to the enforcement of the provisions of the Fair Labor Standards Act against the plaintiffs, or any of them.

■■ It is generally recognized that bulletins and releases issued by a governmental agency do not in themselves give rise to a justiciable controversy, and it is doubtless unnecessary to look at the releases or statements complained of. An inspection, however, of what seems to be the critical parts of the statements referred to reveals the absence of such controversy here:

" 'Where a single establishment engages in retail selling and servicing as well as in wholesale selling (that is where these activities are not segregated)' the statement continues, 'the dollar value of the retail sales and the dollar value of the servicing for private consumers may be added to ascertain the percentage of business in the exempt category. In other words, if 50 per cent or more of the dollar value of total sales represents retail sales plus services for private consumers, the establishment for purposes of enforcement is deemed a retail or service establishment within the meaning of the exemption.'

"In the statement, Mr. McNulty informed Colonel Fleming:

" 'It is our opinion that retail sales will include sales of automobiles, parts, accessories, etc., to individuals for private or family use.

" 'The following types of sales may not properly be considered as retail sales:

" '(a) Automobiles to dealers for resale.

" '(b) Automobiles to commercial establishments for business or industrial use.

"'(c) Parts and accessories to dealers, garages, fleet accounts, for purpose of resale, repair or replacement.

"'(d) Trucks, tractors and trailers to industrial or business concerns.

"'(e) Fleet sales.'"

Unless and until the defendants take such action as would present a concrete issue, it would be both difficult and improper for judicial power here to intervene. This is not a case where the statute is so clear in its mandate that occasion arises for a declaratory judgment at the instance of a party affected without further action being taken by the officers charged with the administration or enforcement of such statute. The motions to dismiss will be granted.